IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA J. JACKSON,

 *Plaintiff*,

v.

JAMES T. JOHNSON, et al.,

 *Defendants*.

Civil Action No. ELH-14-00011

## MEMORANDUM OPINION

On or about June 10, 2013, plaintiff Barbara Jackson filed suit in the Circuit Court for Washington County, Maryland, against defendants James Johnson and Young Manufacturing Co., Inc. ("YMCI"), alleging damages of $75,000 arising out of a motor vehicle accident on June 9, 2010. *See* ECF 2 ("Complaint"). Defendants removed this action to the United States District Court for the District of Maryland on January 3, 2014, asserting subject matter jurisdiction on the basis of diversity of citizenship. *See* ECF 1 ("Notice of Removal") ¶¶ 8, 11; 28 U.S.C. § 1332(a). The question now before the Court is whether the amount allegedly in controversy ($75,000) satisfies the jurisdictional requirement or, instead, whether a remand to state court is required.

Two motions are now pending: plaintiff's Motion to Remand to State Court (ECF 18, "Motion to Remand") and defendants' response, titled "Consent to Motion to Remand to State Court" (ECF 20, "Consent Motion"). No hearing is necessary to resolve the motions. *See* Local Rule 105.6. For the reasons that follow, I conclude that this Court lacks subject matter jurisdiction. Accordingly, I will grant plaintiff's Motion to Remand and remand the case to the Circuit Court for Washington County.

## A.  Legal Standard

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).  Thus, "[i]f a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008).  Even in the absence of a challenge to jurisdiction, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists. . . ." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

## B.  Background

Suit arises from a motor vehicle accident that occurred on June 9, 2010, when a truck driven by defendant Johnson and owned by defendant YMCI collided with plaintiff's vehicle. *See* ECF 2.  Plaintiff's Complaint contains three state law claims: "Negligence" against Johnson (Count I); "Agency" against YMCI (Count II); and "Negligent Entrustment" against YMCI (Count III).  Plaintiff seeks damages of $75,000, jointly and severally, plus costs.  *See id.*

As noted, defendants removed the case to this Court on January 3, 2014, asserting subject matter jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal ¶¶ 8, 11. By statute, diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

In the Notice of Removal, defendants explain that, in the circuit court, they moved for partial summary judgment in November 2013, arguing at that time that because the Complaint's *ad damnum* clause sought damages of exactly $75,000, plaintiff should be limited to damages of $75,000. ECF 1 ¶¶ 6-7; *see* ECF 5 (Defendants' Motion for Partial Summary Judgment). Plaintiff opposed defendants' partial summary judgment motion, asserting that such a determination was premature, and further arguing that, if a jury awarded plaintiff more than $75,000 in damages, she could "file a post-trial motion to amend her complaint to the amount of the rendered verdict." *See* ECF 7 ("Plaintiff's Response to Defendants' Memorandum in Support of Their Motion for Summary Judgment"). By Order of December 4, 2013, the circuit court denied defendants' motion, without articulating the basis for its decision. ECF 10. Removal followed on January 3, 2014.[1]

In a Memorandum to Counsel docketed January 13, 2014, I indicated that, based upon my review of relevant authority, it appeared that the jurisdictional amount-in-controversy requirement was not satisfied, because plaintiff sought damages of exactly $75,000, and not damages in excess of $75,000. *See* ECF 17. Further, I explained the Court's independent

---

[1] Defendants maintain that removal occurred within 30 days of the circuit court's decision establishing that the amount in controversy could exceed $75,000. Thus, they contend that their removal was timely. *See* Notice of Removal ¶ 12. This Memorandum Opinion does not address the timeliness of the removal.

obligation to verify subject matter jurisdiction, and set forth authority in support of my concerns. Nevertheless, I invited the parties to submit supplemental memoranda and responses, addressing whether this Court has subject matter jurisdiction.

Subsequently, plaintiff filed the Motion to Remand, in which she reiterated her view that the amount in controversy does not exceed $75,000 for purposes of diversity jurisdiction. ECF 18. Plaintiff also incorporated by reference the analysis contained in the Court's Memorandum to Counsel (ECF 17) docketed on January 13, 2014. *See* ECF 18 ¶¶ 4-5. In response, defendants filed their Consent Motion, in which they agree that remand is warranted. *See* ECF 20. Notably, in that filing, defendants also take the position that plaintiff has conceded that "the damages prayed do not exceed $75,000," which, in defendants' view, is "contrary to the representation and argument made in the State Court . . . ." *Id.* ¶ 5.

## C. Discussion

As an initial matter, there is no apparent barrier to diversity jurisdiction based on the citizenship of the parties. The Complaint states that plaintiff is a "resident" of Pennsylvania. *Id.* ¶ 1. That allegation does not establish plaintiff's *citizenship*, because a natural person's "state citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." *Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 663 (4th Cir. 1998) (internal citation omitted). In other words, for "purposes of diversity jurisdiction, residency is not sufficient to establish citizenship." *Johnson v. Advance Am., Cash Advance Ctrs. of S.C., Inc.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008). However, in her Motion to Remand, plaintiff confirms that she is a citizen of Pennsylvania. ECF 18 ¶ 3. As for

defendants, the Notice of Removal establishes that Johnson is a citizen of Kentucky, and that YMCI is a citizen of Kentucky for purposes of diversity jurisdiction. *See* ECF 2 ¶¶ 3-4. As a result, complete diversity exists between plaintiff and defendants.

However, diversity jurisdiction also requires that "the matter in controversy *exceeds the sum or value of $75,000*, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added). Accordingly, by requesting exactly $75,000 in her Complaint, plaintiff has sought an amount of damages just below the minimum required for diversity jurisdiction. *See id.*; *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-53 (6th Cir. 2011) ("[T]he amount in controversy in this case is $75,000—exactly one penny short of the jurisdictional minimum of the federal courts."); *accord Void v. OneWest Bank*, 2011 WL 3240478, at *2 (D. Md. July 27, 2011) (Chasanow, J.) (citing *Freeland*).

In order to establish the amount in controversy for purposes of diversity jurisdiction, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007) ("The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in "good faith."'") (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 WL 4647321, at *6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). Indeed, "the Supreme Court

has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, 2013 WL 2181206, at *2 (D. Md. May 17, 2013) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 294).

Of import here, "[w]here a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than that if she prevailed." *Momin v. Maggiemoo's Intern., L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). In contrast, where "a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 509-10. To be sure, *Momin* speaks only of situations in which the specified amount "is less than $75,000." 205 F. Supp. 2d at 509. Nevertheless, the plain language of 28 U.S.C. § 1332(a)(1), which requires damages to "exceed[] the sum or value of $75,000," and relevant case law, including *Freeland*, 632 F.3d at 252-53, confirm that a complaint alleging exactly $75,000 in damages should be considered as a claim that does not exceed $75,000. And, because plaintiff's Complaint seeks a specified amount of damages, the "legal certainty" standard applies.

In the Circuit Court for Washington County, plaintiff asserted that, if a Maryland jury were to award damages in excess of the $75,000 sought in her Complaint, plaintiff could "file a post-trial motion to amend her complaint to the amount of the rendered verdict." *See* ECF 7. In particular, a Committee Note to Maryland Rule 2-341(b), which governs amendment of pleadings with leave of court, states: "The court may grant leave to amend the amount sought in

a demand for a money judgment after a jury verdict is returned." *Id.* (citing *Falcinelli v. Cardascia*, 339 Md. 414, 663 A.2d 1256 (1995)).  However, the Committee Note's text indicates that, even if a jury awards damages above the amount sought, leave to amend a complaint following a verdict is not guaranteed.  As the federal district court explained in *Gallagher v. Federal Signal Corp.*, 524 F. Supp. 2d 724 (D. Md. 2007), "Maryland Rule of Civil Procedure 2-341(b) allows [a] plaintiff to seek leave to amend [the] complaint to reflect a higher *ad damnum* amount in the event that a jury awards more than $74,000.  Permission to amend the *ad damnum* clause is discretionary, however, and there is no requirement that the court permit an amendment." *Id.* at 728 (concluding that defendant failed to prove to a legal certainty that recovery would exceed the $74,000 amount sought in the complaint).  Thus, if a plaintiff deliberately requests damages of $75,000 to avoid removal to federal court, such a plaintiff acts at his or her peril if damages in excess of that sum are awarded, because a Maryland court is not required to permit amendment of the *ad damnum* clause.

In their Consent Motion, defendants do not address Rule 2-341(b) or any other authority concerning post-trial amendment of a complaint.  Nor do they seek to establish that, if plaintiff's claims prove successful, her recovery for damages arising out of the alleged accident will necessarily exceed $75,000.  Instead, it seems that defendants are again attempting, as they did before the Circuit Court for Washington County, to limit plaintiff's recovery to no more than $75,000.  In particular, defendants construe plaintiff's Motion to Remand as having conceded that "the damages prayed do not exceed $75,000," which, in defendants' view, is "contrary to the representation and argument made in the State Court" by plaintiff.  Consent Motion ¶ 5.  However, it would appear, at least based on the filings available to this Court, that plaintiff has

maintained, consistently, that (1) she seeks $75,000 in damages, and (2) her damages are not necessarily capped at $75,000 if a jury awards damages in excess of that amount and a court grants a post-trial motion to amend her complaint to reflect the higher damages award. ECF 7; *see also* ECF 18.

In any event, it is unnecessary for this Court to determine whether defendants are raising such an argument or whether plaintiff has made any such concession. Rather, it is sufficient to conclude that defendants have failed to show to a "legal certainty" that, if plaintiff were to prevail, she would recover more than $75,000. *See, e.g.*, *Gallagher*, 524 F. Supp. 2d at 728; *Delph v. Allstate Home Morg., Inc.*, 478 F. Supp. 2d 852, 854 (D. Md. 2007). Therefore, remand to the circuit court is required. Accordingly, I will grant plaintiff's Motion to Remand (ECF 18), based on a lack of subject matter jurisdiction. And, I will deny defendants' motion (ECF 20) as moot.

### Conclusion

For the foregoing reasons, I conclude that this Court lacks subject matter jurisdiction as to this case. Pursuant to 28 U.S.C. § 1447(c), the case shall be remanded to the Circuit Court for Washington County. An Order implementing this ruling follows.


Date: February 20, 2014                             _____/s/_____
                                                    Ellen L. Hollander
                                                    United States District Judge